**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

 v.         Criminal No. 12-cr-037-01-PB

<u>Daniel Hufstetler</u>

**ORDER OF DETENTION PENDING TRIAL**

 In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on March 26, 2012, to determine whether to detain the defendant, Daniel Hufstetler, who has been charged by indictment with robbery of a credit union, in violation of 18 U.S.C. § 2113(a).  The court issued its detention order orally from the bench, and this written order summarizes those findings and rulings.  <u>See</u> 18 U.S.C. § 3142(i)(1).

**Legal Standards**

 Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2).  <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government argues a detention hearing is warranted under 18 U.S.C. § 3142(f)(1)(A), which provides authority for the government to seek

detention where a defendant is charged with a "crime of violence." Defendant does not dispute either that bank robbery qualifies as a "crime of violence" under the statute or that the government had the authority to seek a detention hearing.  I find that the detention hearing was authorized under § 3142(f)(1)(A).

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community, Patriarca, 948 F.2d at 793.  For its part, the

2

government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

### Findings and Rulings

In the instant case, the government argued that defendant's release posed both a risk of flight and danger.  After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government met its burden of proof on dangerousness.  In short, the weight of the evidence is strong and includes the defendant's confession.  The nature of the crime is serious and violent; defendant robbed a bank while threatening the tellers with what appeared to be a gun.  Defendant's history and characteristics include a criminal record that spans his entire adult life.  Defendant's convictions include crimes of violence (burglary and assault) and escape.  Defendant has a history of violating terms of probation, and defendant was on probation at the time he allegedly committed the instant offense.

For these reasons, and for all the reasons stated orally on the record, the court finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connecting with court proceedings.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 27, 2012

cc:   John J. Farley, Esq.
      Jeffrey S. Levin, Esq.
      U.S. Marshal
      U.S. Probation