UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
      Government

      v.                                    Case No. 12-cr-37-1-SM

<u>Daniel Hufstetler</u>,
      Defendant


**ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL
EXAMINATION PURSUANT TO 18 U.S.C. § 4241**


Defendant has undergone a psychiatric evaluation which resulted in a report that concludes that he is competent under applicable legal standards to stand trial.  Counsel for the defendant, government counsel, and the court remain concerned, however, given defendant's behavior, affect, communications, and seeming inability to either comprehend or appropriately respond to direct questions related to simple, but critical, choices he either must, or is entitled to make.


The specific issues at the moment include whether defendant understands his right to counsel, and whether he is intent upon exercising it or waiving it (and whether he wishes to represent himself or have substitute counsel appointed).  The court cannot say with confidence that defendant's erratic behavior falls into the malingering category; in fact it appears that defendant responds sincerely and to the best of his ability when engaged.

(But of course additional professional insight will prove helpful in resolving that question.)

The court continues to be concerned about the following fundamental issues: Is this defendant competent to stand trial? Does he have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and does he have a rational as well as factual understanding of the proceedings against him?

And, if he does, then another critical issue (probably) arises: Can this defendant understand the significance and consequences of a decision to waive his right to counsel and proceed to trial representing himself (assuming for the moment that that is what he wishes)?

Both topics require additional expert psychiatric evaluation and analysis.  Although counsels' and the court's continuing unease is concededly not based on medical expertise, still, all agree that the practical signals of a potential problem warrant further inquiry.  Counsel and the court also agree that a follow-up evaluation by Dr. Drukteinis would prove particularly useful in resolving these matters.  Accordingly, a further evaluation by Dr. Drukteinis is ordered.

The hearing held on December 5, 2012, served in part as a preliminary competency hearing, which is continued pending receipt of Dr. Drukteinis's report.

The trial is necessarily continued pending determination of defendant's competency to stand trial, and his ability to understand the nature of his right to counsel and to knowingly waive that right.

Defendant is committed to the custody of the Attorney General for placement in a suitable facility for the purpose of an examination pursuant to 18 U.S.C. § 4241, for a period not to exceed thirty (30) days.

Dr. Drukteinis's report shall be filed with the court with copies provided to the government and counsel for the defendant in accordance with the provisions of 18 U.S.C. § 4247(c).  A copy of the transcript of the hearing held on December 5, 2012, shall be provided to Dr. Drukteinis.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 10, 2012

```
cc:   John J. Farley, AUSA
      Mark L. Sisti, Esq.
      U.S. Probation
      U.S. Marshal
```